UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANDRE D. ROSS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | No.: 1:18-CV-024-HSM-SKL |
| v. | ) | |
| | ) | |
| WARDEN RICKARD and HERBERT | ) | |
| SLATERY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner has filed a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 with this Court challenging his 2005 conviction for possession of cocaine in the Criminal Court of Hamilton County, Tennessee [Doc. 1].[1] Respondent Slatery has filed a motion to dismiss the § 2254 petition as untimely [Docs. 18 and 19] and the state court record [Doc. 17]. Petitioner, however, asserts that he is actually innocent of the cocaine possession charge underlying this conviction and that he is entitled to equitable tolling of the statute of limitations for his petition [Docs. 25 and 28]. In support of these assertions, Petitioner claims that the state court judge pronounced him not guilty of and dismissed the cocaine possession charge based on his finding that there was not a sufficient factual basis for a guilty plea to that charge at a hearing, but that the transcript of that hearing was later fraudulently altered in a manner that resulted in the trial court

---

[1] Although Respondent Slatery assumes that Petitioner challenges both of his 2005 convictions for cocaine possession and introduction of contraband in his § 2254 petition, the record establishes that Petitioner challenges only his cocaine possession conviction [*see, e.g.*, Doc. 17-1 p. 13–14, 17; Doc. 17-11 p. 18; Doc. 25 p. 2; Doc. 28 p. 2]. As such, the Court will only address this conviction, although it will include facts regarding the contraband conviction that are relevant to the procedural history of the cocaine possession conviction.

entering a criminal judgment against Petitioner for the cocaine possession charge without his knowledge [Doc. 25 at 1–8; Doc. 28[2] p. 1–7].  Respondent Slatery disagrees [Doc. 27].

For the reasons set forth below, Respondent Slatery's motion to dismiss the § 2254 petition [Doc. 18] will be **GRANTED** and this action will be **DISMISSED**.

**I.     PROCEDURAL HISTORY**

On January 26, 2005, the Criminal Court for Hamilton County, Tennessee entered criminal judgments against Petitioner for one count of possession of cocaine with an intent to sell or deliver and one count of introduction of contraband into a penal institution [Doc. 17-1 p. 8–9].  Both judgments state that Petitioner pled guilty to the charge set forth therein [*Id.*].  Other forms in the state court record also indicate that Petitioner entered a guilty plea for both charges [*Id.* at 6–7], as does the transcript of the hearing on Petitioner's proposed plea agreement for these charges [Doc. 17-3 p. 3–16].  On January 7, 2010, the trial court entered its last amended judgment against Petitioner for the cocaine possession conviction in which it removed Petitioner's probation and/or community corrections placements [Doc. 17-1 p. 19 (order referencing entry of amended judgments for both of Petitioner's convictions on January 7, 2010, as these amended judgments are not in the record)].

Petitioner did not file a direct appeal of either conviction.  Instead, he filed requests for relief from his cocaine possession conviction in which he asserted that he pled guilty only to the contraband charge at the hearing on January 26, 2005, that the judge pronounced him not guilty of

---

[2] Petitioner's sur-reply is unsigned [Doc. 28 p. 7].  As such, it does not satisfy Rule 11(a) of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court.  Accordingly, the Clerk will be **DIRECTED** to send a copy of the sur-reply [*Id.*] to Petitioner, who shall have twenty (20) days from the date of entry of this memorandum opinion and the accompanying order to return a signed copy of his sur-reply to the Court.  If Petitioner does not timely do so, his unsigned filing [*Id.*] will be **STRICKEN** from the record.

2

the cocaine possession charge at this hearing, and that the transcript of this hearing was fraudulently altered [Doc. 17-1 p. 13–15, 17, 21, 23, 40–43; Doc. 17-11 p. 18]. The trial court denied Petitioner's attempts to obtain relief from this conviction on these grounds [*Id.* at 18–20, 32–37; Doc. 17-11 p. 21–23].[3]

Petitioner filed two appeals of trial court orders denying his attempts to obtain relief from his cocaine possession conviction with the Tennessee Court of Criminal Appeals ("TCCA") [Doc. 17-4 and 17-12]. In his first appeal, the TCCA affirmed the trial court's denial of relief and the Tennessee Supreme Court ("TSC") declined discretionary review. *State v. Ross*, No. E2014-02563-CCA-R3-CD, 2015 WL 7567285 (Tenn. Crim. App. Nov. 14, 2015), *perm. app. denied* (Tenn. April 6, 2016). The TCCA dismissed Petitioner's second appeal based on its finding that Petitioner had no appeal as of right from the order he sought to appeal [Doc 17-15].

On January 1, 2019, Petitioner filed his § 2254 petition in which he lists only his contraband conviction and sets forth the following allegations as claims: (1) questions that the judge asked the prosecutor about Petitioner's arrest during a hearing were wrongfully concealed from him because they are not in the transcript; (2) he has no clear and convincing evidence because of the concealment of material facts and altered transcript of his plea colloquy; and (3) his counsel was ineffective for failing to properly investigate and pursue evidence [Doc. 1 p. 1, 5–8, and 14].

I. **TIMELINESS OF THE PETITION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

---

[3] One of these filings did, however, result in the trial court entering an order requiring that the criminal judgment against Petitioner for his contraband conviction be amended to reflect a sentence of three years, rather than four [*Id.* at 20].

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . . or
>
>     \*       \*       \*
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's cocaine possession conviction became final on February 9, 2010, the day on which Petitioner's time to file an appeal of the last amended criminal judgment against him for this conviction expired.[4] *See, e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired); *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015) (providing that where a criminal defendant receives a new sentence, that judgment permits him to file a new application to attack the sentence and/or the conviction).

Thus, the earliest day on which the AEDPA statute of limitations clock for Petitioner's cocaine possession conviction began to run was February 9, 2010. As the state court record

---

[4] Petitioner's time to file an appeal as of right of the amended judgment against him for cocaine possession did not begin to run until January 8, 2010. Tenn. R. Civ. P. 6.01 (providing that the day of the event "after which the designated time period begins to run" is excluded from the computation of that period of time). Thirty days after January 8, 2010, is Sunday, February 7, 2010, however, and Petitioner therefore had until Monday, February 8, 2010, to file a direct appeal. *Id.*

contains an undated motion from Petitioner challenging this conviction that the state court addressed on the merits [Doc. 17-1 p. 13–14 and 18–20], however, it is unclear how long, if at all, the AEDPA statute of limitations clock ran before Petitioner paused it by filing this motion.

This undated motion does not prevent the Court from determining that the § 2254 petition is time-barred, however. As set forth above, on April 6, 2016, the TSC declined review of the TCCA's affirmance of the trial court's denial of relief to Petitioner based on this undated motion. *State v. Ross*, No. E2014-02563-CCA-R3-CD, 2015 WL 7567285 (Tenn. Crim. App. Nov. 14, 2015), *perm. app. denied* (Tenn. April 6, 2016). Thus, even if the Court assumes that the AEDPA statute of limitations clock first began to run on April 7, 2016, *see Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. 2011) (providing that the AEDPA "clock began to run again" after the TSC declined to review a habeas petitioner's post-conviction appeal[5]), it expired no later than April 7, 2017, as Petitioner did not file a state court motion attacking his cocaine possession conviction or a federal habeas corpus petition during this time period. Moreover, while Petitioner later filed another state court motion attacking this conviction on May 19, 2017 [Doc. 17-11 p. 18], this filing did not revive the expired AEDPA clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Accordingly, Petitioner's § 2254 petition, which he filed on January 1, 2018, is untimely.

## II. EQUITABLE TOLLING ARGUMENTS

In his § 2254 petition, Petitioner asserts that his petition is timely because a new law came into effect during his motions with the trial court that allowed him to appeal [Doc. 1 p. 13].

---

[5] The AEDPA statute of limitations was not tolled during the ninety days in which Petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court regarding the denial of his first appeal. *Lawrence v. Florida*, 549 U.S. 327, 332–35 (2007).

Petitioner, however, does not specify the new law on which he relies or set forth any factual or legal allegations in support of this assertion. As such, this conclusory statement is insufficient to establish that Petitioner is entitled to equitable tolling. Accordingly, the Court will address only Petitioner's arguments that his petition is timely because the state court judge declared him not guilty of the cocaine possession charge and dismissed it at the hearing on January 25, 2006, but the transcript of that hearing was fraudulently altered, resulting in the state court entering a criminal judgment against him for the cocaine possession charge without his knowledge [Docs. 25 and 28].

Petitioner first frames his opposition to the motion to dismiss as a claim of actual innocence based upon his assertion that the trial judge dismissed the cocaine possession charge and pronounced him not guilty of that charge [Doc. 25 p. 1–2; Doc. 28 p. 1–2]. "[A] credible claim of actual innocence" may entitle a habeas petitioner to equitable tolling of the statute of limitations. *Cleveland v. Bradshaw*, 693 F.3d 626, 632–33 (6th Cir. 2012). Such a claim, however, must be based upon "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (holding that "actual innocence means factual innocence, not mere legal insufficiency"). Moreover, such a claim requires the habeas petitioner to present new reliable evidence of his innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

Petitioner has not set forth a credible claim for actual innocence that would entitle him to equitable tolling of the AEDPA statute of limitations, as he has not set forth any facts or evidence regarding his cocaine possession conviction that would allow the Court to find that he is factually innocent of that charge. Rather, as set forth above, Petitioner asserts the state court judge

pronounced him not guilty of and dismissed the cocaine possession charge based on his finding that there was not a sufficient factual basis for a guilty plea to that charge at a hearing. Even if this were true, it would not establish that Petitioner is factually innocent of the cocaine possession charge, nor would it be exculpatory evidence that would entitle Plaintiff to any relief. Instead, it would establish that the criminal judgment against Petitioner for the cocaine possession is legally insufficient, which does not support a credible claim for actual innocence. *Bousley*, 523 U.S. at 623. Thus, Petitioner is not entitled to equitable tolling of the AEDPA statute of limitation based on a claim of actual innocence.

Petitioner also argues that the Court should find that his § 2254 petition is timely because he did not discover his cocaine possession conviction within the one-year AEDPA statute of limitations due to the court's not guilty pronouncement and dismissal of the cocaine possession charge and the alleged fraudulent alteration of the transcript of his plea hearing, however [Doc. 25 p. 2]. The Court liberally construes these allegations to assert that the § 2254 petition is timely under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year AEDPA statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Petitioner, however, admits that he discovered that the state court had entered a criminal judgment against him for the cocaine possession charge during the process of his federal sentencing in December of 2009 [Doc. 25 p. 2]. Thus, even if the Court accepts as true Petitioner's novel claim that the trial court actually declared Petitioner not guilty of the cocaine possession charge at his plea hearing and therefore dismissed that charge, but the transcript of that hearing

was fraudulently altered based solely on Petitioner's self-serving assertions,[6] Petitioner would have had to present any claims for habeas corpus relief under § 2254 based on such newly discovered evidence within one year of discovering that evidence. As set forth above, however, Petitioner's AEDPA statute of limitations clock for his cocaine possession conviction reset upon entry of the most recent amended judgment against him for that conviction on January 7, 2010, which is after Petitioner admits that he had knowledge of the criminal judgment against him for cocaine possession, and the same AEDPA statute of limitations analysis set forth above therefore establishes that that Petitioner's § 2254 petition is untimely.

In other words, accepting as true Petitioner's farfetched assertions regarding the trial court's dismissal of the cocaine possession charge and the subsequent fraudulent alteration of the hearing transcript, Petitioner still did not file his § 2254 petition arising out of this conviction within the one-year AEDPA statute of limitations, as more than a year passed after the Tennessee Supreme Court declined review of the TCCA's affirmance of the trial court's denial of relief to Petitioner based on his first state court challenge to this conviction on April 16, 2016, *see State v. Ross*, No. E2014-02563-CCA-R3-CD, 2015 WL 7567285 (Tenn. Crim. App. Nov. 14, 2015), *perm. app. denied* (Tenn. April 6, 2016), and before Petitioner filed his next state court motion attacking this conviction on May 19, 2017 [Doc. 17-11 p. 18], and the record establishes that Petitioner had knowledge of his cocaine possession conviction and the alleged fraudulent alteration of the hearing transcript during this time period.

---

[6] Petitioner also relies on a letter from the attorney who represented him at the plea hearing to support this claim [Doc. 28 p. 8]. This letter, however, does not actually support Petitioner's version of the events at the hearing on January 26, 2005 [*Id.*]. Rather, the letter establishes that this attorney represented Petitioner in several cases, does not recall Petitioner's plea hearing on his cocaine possession charge on January 26, 2005, and has a vague memory that a judge may have dismissed a case against Petitioner at some point, but thinks that it may have been a different case and a different judge [*Id.*].

As such, even if the Court assumes that Petitioner diligently pursued his rights relating to his cocaine possession conviction from the moment he discovered that conviction up to and including April 16, 2016, nothing in the record suggests that Petitioner continued to do so after the TSC declined review of the TCCA's denial of his first appeal. To the contrary, the record establishes that Petitioner did not file another state court motion or a petition for federal habeas corpus relief attacking his cocaine possession conviction during the thirteen months after this decision despite his knowledge of his cocaine possession conviction and the alleged fraud. Further, nothing in the record suggests that any extraordinary circumstance prevented Petitioner from diligently pursuing his rights during this time period.

Accordingly, Petitioner's § 2254 petition is untimely and he has not established that he is entitled to equitable tolling of the AEDPA statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

Thus, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's procedural ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

Accordingly, for the reasons set forth above:

1. The Clerk will be **DIRECTED** to send a copy of Petitioner's sur-reply [Doc. 28] to Petitioner and Petitioner shall have twenty (20) days from the date of entry of this

9

memorandum opinion and the accompanying order to return a signed copy of his sur-reply to the Court. If Petitioner does not timely do so, this filing [*Id.*] will be **STRICKEN** from the record;

2. Respondent Slatery's motion to dismiss the petition as time-barred [Doc. 18] will be **GRANTED**;

3. Petitioner's § 2254 petition will be **DISMISSED** as time-barred; and

4. A COA will not issue.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**


                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                     UNITED STATES DISTRICT COURT